**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

FILED

MAY 2 5 2007

DAN CREWS, CLERK
BY _____ Deputy

WILLIE (BILL) TAYLOR,

**PLAINTIFF**

VS.

CAUSE NO.: 2:07CV90-P-A

CITY OF SENATOBIA, MISSISSIPPI;
SAMMY WEBB, CHIEF OF POLICE for
The City of Senatobia, Mississippi, in his
official capacity; JUDGE JOHN T. LAMAR, JR.,
in his official capacity; and JOHN DOE
DEFENDANTS "A" THROUGH "Z",

**DEFENDANT**

## COMPLAINT

COMES NOW the Plaintiff, Willie (Bill) Taylor, and brings this complaint against the

Defendants, City of Senatobia, Mississippi; Sammy Webb, Chief of Police for the City of

Senatobia, Mississippi, in his official capacity; Judge John T. Lamar, Jr., in his official capacity;

and John Doe Defendants "A" Through "Z", and would show unto the Court the following:

## PARTIES

1. The Plaintiff, Willie (Bill) Taylor, is an adult resident citizen of Yalobusha

County whose primary family residence is located at 300 Blackmur, No.HH15, Watervalley, MS

38965.

2. The Defendant, City of Senatobia, is a governmental subdivision of the State of

Mississippi and a municipal corporation within the Northern Judicial District of Mississippi. At

all times herein, through its police department and municipal court, the Defendant was

responsible for enforcement of municipal policies, procedures, practices and customs relating to

prosecution for contempt occurring outside and inside the presence of the court. Said Defendant may be served with process by and through Mrs. Kay Taylor Minton being the City Clerk for the City of Senatobia whose office is located at City Hall at 133 North Front Street, Senatobia, Mississippi 38668.

3. The Defendant, Judge John T. Lamar, Jr., is the Municipal Judge for the City of Senatobia, Mississippi. Said Defendant is believed to be an adult resident citizen of the City of Senatobia, Tate County, Mississippi in the Northern Judicial District of Mississippi where he may be found for personal service of process at his office at 214 Ward Avenue South, Senatobia, Mississippi 38668. Said Defendant is sued in his official capacity.

4. The Defendant, Sammy Webb, who at all times relevant hereto was and is the Chief of Police for the City of Senatobia, is an adult resident citizen of the City of Senatobia, Tate County, Mississippi in the Northern Judicial District of Mississippi where he may be found for personal service of process at his office in the Senatobia police department building on Front Street in the City of Senatobia, Mississippi. Said Defendant was and is the chief law enforcement officer and the chief law enforcement policy maker for the City of Senatobia, Mississippi. Said Defendant is sued in his official capacity.

5. The Defendants, John Doe "A" through "Z", are all adult resident citizens of the State of Mississippi whose names and addresses are unknown to the Plaintiff at this time and who may be involved in the facts of this lawsuit and who may be added as Defendants at a later date. When the true names of such persons are discovered and their involvement determined, the process and all pleadings and proceedings in this action shall be amended as appropriate by adding the names and giving proper notice to the opposing parties if and when additional

Defendants are joined.

## JURISDICTION AND VENUE

6. The Plaintiff, Willie (Bill) Taylor, brings this action for compensatory and punitive damages and other appropriate relief under 28 U.S.C §§ 2201 and 2202 and 42 U.S.C.A. §§ 1983 and 1988 for violation of his federal civil rights and state law rights by the Defendants, City of Senatobia, Mississippi, Sammy Webb, the Chief of Police for the City of Senatobia, Mississippi, in his official capacity; Judge John T. Lamar, Jr., in his official capacity; and John Doe Defendants "A" Through "Z", whose actions were taken under color of state law. The jurisdiction of this court is invoked pursuant to the Sixth, Eighth, and Fourteenth Amendments to the United State Constitution, 28 U.S.C §§ 1331, 1343, 1967, 2201 and 2202 and 42 U.S.C.A. §§ 1983 and 1988. The Plaintiff alleges that this action raises a federal question and the amount in controversy exceeds the required amount for Federal Jurisdiction. The Plaintiff also seeks pendant jurisdiction of all state claims.

## FACTS

7. The Plaintiff, Willie (Bill) Taylor, is a Fifty (50) year old single white male who currently is residing and was residing in the Yalobusha, Mississippi. The Plaintiff cannot read or write but very, very poorly and quit school at Coldwater about three months into the eleventh grade. Plaintiff has limited ability to read and write. He has made his living doing various manual jobs until he became disabled. Further, he does not smoke, use illegal drugs or drink. Plaintiff has three (3) children whom he helps from time to time. Plaintiff has little contact with his oldest daughter and her children due to the banishment.

8. An incident occurred in February, 2006 wherein Willie (Bill) Taylor was fined

3

and given a suspended sentence and banned from the City of Senatobia as a result of an altercation which occurred between he and some other men at the Fuel Mart in Senatobia, Mississippi. Mr. Taylor went to court and was threatened with a substantial fine and a year in jail unless he agreed to a banishment from the City of Senatobia. Mr. Taylor did not want to agree to the banishment but in order to avoid a substantial fine and jail time and on the insistence of his attorney an order was entered banishing him from Senatobia and requiring him to pay a fine. Mr. Taylor signed the order before it said anything about banishment and the banishment portion of the order was interlined by the City Prosecutor, Mr. Taylor's lawyer and the Judge and over the protest of Willie (Bill) Taylor.

Later, around the first of September, 2006, Mr. Taylor was pulling his sister's car through Senatobia on US Highway 51 as he traveled from Sardis to Hernando in an effort to get the vehicle which was not in good running order back to his sister's house. The next day he received a call from officer John Boyd of the Senatobia Police Department stating that they had a warrant for his arrest for contempt of court for his coming through Senatobia and that a $1,500.00 cash bond was required. Mr. Taylor hired an attorney and had to make a $1,500.00 bond costing $150.00 and a $25.00 jail fee. Upon going to court on or about September 13, 2006 he was fined $200.00 for traveling through Senatobia after he had been banished and was told that if he came back into Senatobia that a charge of threatening others with a gun back in February would be brought back up and that he would serve a year in jail, etc.

The claimant has a daughter who lives outside Senatobia and who works in Senatobia and he has grandchildren that he has not been able to see at their home for nearly a year and he has doctors in Senatobia and he has done his main shopping in Senatobia since being a young man.

4

Mr. Taylor has limited ability to read and write. At present he is still banned from the City of Senatobia.

Subsequently, Mr. Taylor hired a third lawyer who attempted to contact City Officials in an effort to get the ban lifted so that he could travel in and about Senatobia but the request met with no success and upon the Chief of Police stating that "we don't want his business, legal or otherwise". The city prosecutor denied any lifting of the banishment upon his consultation with the Chief of Police.

Mr. Taylor is disabled and cannot work and receives only a very small disability check and has little money and can read very, very little and cannot write because he cannot spell any words.

## ALLEGATIONS OF LAW

9. All acts of the Defendants were conducted under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the City of Senatobia and/or the State of Mississippi.

10. Defendants, Webb and Lamar, in their official capacities as Chief of Police for the City and as Municipal Judge for the City of Senatobia, were final policy makers, capable of condonation and ratification for the Defendant, the City of Senatobia. Further, the Defendants, Webb and Lamar, acted knowingly and with reckless disregard for their conduct and actions in representing their employer, the City of Senatobia.

11. The unlawful actions of the Defendants, Web and Lamar, as alleged herein, were taken or ratified as final policy makers for the Defendant, City of Senatobia, and thus constitute policies, practices and usages sufficient to impose liability.

5

12. It is the policy, practice and/or custom of the Defendants, Webb and Lamar, acting in their official capacities as chief of police and judge of the municipal court to unlawfully banish and exclude individuals from the City of Senatobia based upon alleged misdemeanors which occurred in the City of Senatobia and which constituted cruel and unusual and excessive punishment.

13. It is the policy, practice and/or custom of the Defendants to violate the procedural and substantive due process rights of poor, uneducated, black and white individuals who are without adequate funds and/or incapable to defend themselves .

14. It is the policy, practice and/or custom of the Defendants to violate the equal protection rights of poor, uneducated, black and white individuals who are without adequate funds to defend themselves and/or who do not know how to adequately defend themselves.

15. Defendants' actions as alleged herein were made in bad faith and were designed and intended to punish Plaintiff for his having evidently failed to pay fines and/or for some other unknown reason as the Plaintiff has never been convicted of a felony but has only been involved in some misdemeanors pertaining to the City of Senatobia none of which were proved to be of a violent nature as the Plaintiff continued to and at all times denied the facts alleged against him in the incident and the charges which precipitated the expulsion from the City. The Plaintiff at all times argued with, disagreed with and did his best to continue the denial of the facts alleged against him even to the lawyer he had hired to represent him. The Plaintiff was unable to stand up against the prosecutor, the Municipal Judge, the Chief of Police, Sammy Webb, and even his own lawyer, at the time of his expulsion from the City of Senatobia. All the Defendants conspired together to deny to the Plaintiff his constitutional rights under the threat of a maximum

6

fine and/or the Plaintiff serving almost one (1) year in jail. They caused and insisted upon the Plaintiff being banned from the City of Senatobia which was in violation of his rights under the Constitution of the United States of America. Plaintiff would show that at the time that he signed the order of expulsion and banishment that said order did not provide for such banishment and expulsion and was added thereafter and all of which actions were done on the insistence of his attorney after his attorney conferred with all of the other city officials named in this lawsuit. At all times the said Plaintiff complained and objected to his being banished but he could not stand up against the city officials and his own attorney who all together wanted him and were agreeable to him being banished from the City of Senatobia and all against the desires of the Plaintiff.

16. The actions of the Defendants, as alleged herein, were made wilfully and intentionally in total disregard for the rights of the Plaintiff under the laws of the United States and the State of Mississippi.

17. The actions of the Defendants, as alleged herein, were conducted in bad faith for the purpose of retaliating against or deterring the exercise of the Plaintiff's constitutionally protected rights.

18. As a result of Defendants' actions, Plaintiff has suffered, is suffering and will continue to suffer injury and damages while prohibited from exercising his constitutional right to travel and be within the City of Senatobia where he has conducted his business and other pursuits for most of his adult life.

19. As a result of Defendants' actions, Plaintiff has been denied his substantive and procedural due process rights.

20. As a result of Defendants' action, Plaintiff has been denied his equal protection rights.

21. As a result of Defendants' conduct, Plaintiff has suffered humiliation, inconvenience, embarrassment and loss of reputation in the community.

22. Loss of constitutional rights for even minimal periods of time unquestionably constitutes irreparable harm.

## CAUSE OF ACTION

## COUNT 1-UNLAWFUL BANISHMENT

23. The actions of the Defendants in conspiring together to have the Plaintiff banished from the City of Senatobia constituted a denial of rights guaranteed to the Plaintiff by the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983. Such action constituted cruel and unusual punishment as prohibited by the said Eighth Amendment.

## COUNT II- DENIAL OF DUE PROCESS

24. The conviction and banishment of the Plaintiff without a trial and without his being allowed to present his witnesses and to be confronted by witnesses against him and to have a trial as he adamantly requested violated Plaintiff's Federal Constitutional right to due process under the Fourteenth Amendment and 42 U.S.C. § 1983.

## COUNT III-GROSS NEGLIGENCE

25. The actions and/or inactions of the defendants, as set out above, and in failing to

8

allow the Plaintiff to defend himself and to be confronted by his accusers and to be allowed to present witnesses in the defense of his case and in conspiring together to have the Plaintiff banished from the City of Senatobia at a time when the Plaintiff was obviously protesting and unhappy with the outcome of the alleged negotiations before the Judge and the Court in banishing the Plaintiff from the City of Senatobia ad infinitum constituted cruel and unusual punishment and without taking into consideration the severity of the alleged crime at issue constituted gross negligence and was arbitrary and capricious.

## COUNT IV- RIGHT TO EFFECTIVE COUNSEL

26.     The hired and retained lawyer for the Plaintiff, failed to allow the Plaintiff to confront his accusers and to present his witnesses and to testify in his own behalf or in any way to defend himself in regard to the charges made against him and insisted upon the said Plaintiff going along with and to agree to matters and things which were in violation of his constitutional rights and in so doing the Plaintiff was denied the right to effective counsel which resulted in, for all practical purposes, his having no counsel at all, all of which was in violation of his right to legal counsel as provided by the Sixth and the Fourteenth Amendment to the United States Constitution and also in violation of 42 U.S.C. § 1983 and Mississippi statutory and common law.

## COUNT V - EXCESSIVE PUNISHMENT

27.     The actions of the Defendants constitute a violation of the Plaintiff's Federal Constitutional rights under the Eight Amendment.

9

## COUNT VI- DEPRIVATION OF STATE CONSTITUTIONAL RIGHTS

28.    The actions and/or inactions of the Defendants, as set out above subjected Plaintiff to a deprivation of rights and privileges secured to Plaintiff by the Constitution and laws of the State of Mississippi, including but not limited to Art. 3, §§14 and 28 Miss. Const. (1890).

## CAUSATION AND INJURY

29.    As a direct, sole and proximate results of the actions and/or inaction of the Defendants as mentioned above, Plaintiff sustained severe mental injury, causing him great anguish of mind, emotional distress, embarrassment, humiliation, stigma, loss of self-esteem, loss of reputation, loss of enjoyment of life, and other damages and/or injuries.

## DAMAGES

30.    Plaintiff seeks compensatory damages, jointly and severally, from Defendants Lamar and Defendant Webb, in their official capacities, and Defendant, City of Senatobia, for the wrongful acts of its employees and agents acting in their official capacity and in pursuance of unlawful City policies, procedures, practices and customs. As a direct, sole and proximate results of the actions and/or inactions of the Defendants as mentioned above, the Plaintiff has been injured and seeks compensatory damages in the amount of $375,000.00 and punitive damages in the amount of $125,000.00.

## INJUNCTIVE RELIEF

31.    Plaintiff has no plain, speedy or adequate remedy at law and Plaintiff will suffer

10

immediate and irreparable injury unless a temporary restraining order, preliminary injunction and permanent injunction issue to the Defendants and all of them prohibiting and restraining them from violating Plaintiff's federal and state constitutional rights as well as rights secured to Plaintiff by 42 U.S.C. § 1983 and Mississippi statutory and common law. Said restraint and injunctions should prohibit the Defendants from enforcing the banishment and expulsion of the Plaintiff from the City of Senatobia and that he be allowed to come and go within the said City of Senatobia the same as anyone else and without fear of fine or imprisonment or other harassment by officials of the City of Senatobia.

## JURY DEMAND

32. Plaintiff demands a trial by jury pursuant to FRCP 38.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgement of and from the Defendants in the following respects:

1. A declaratory judgement that the actions of the Defendants violated rights secured to Plaintiff by the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

2. A declaratory judgement that the actions of the Defendants violated rights secured to Plaintiff by Art.3 § 14 and § 28, Miss. Const. (1890), Mississippi statutory law, and Mississippi common law.

3. A temporary restraining order, preliminary injunction, and permanent injunction enjoining the defendants, their officers, agents, servants, employees, attorneys and all other acting in active concert with them from violating the rights secured to Plaintiff by the Sixth,

11

Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4.    A temporary restraining order, preliminary injunction and permanent injunction enjoining the Defendants, their officers, agents, servants, employees, attorneys and all others acting in active concert with them from violating the rights secured to Plaintiff by Art. 3, §§ 14 and 28, Miss. Const. (1890), Mississippi statutory law, and Mississippi common law.

5.    A money judgement against the Defendants, jointly and severally, in the amount of 500,000.00, together with interest from and after the date of judgement.

6.    Attorney fees and litigation costs pursuant to 42 U.S.C. § 1988 and as provided by federal law.

Plaintiff prays for general relief.

Respectfully submitted,

Willie (Bill) Taylor, Plaintiff

BY: H. Kirk Moore, Jr.

H. Kirk Moore, Jr.
216 A Ward Avenue South
Senatobia, MS 38668
(662) 560 - 5858
MSB No. 3444

OF COUNSEL:
Leigh Ann Darby
216 South Ward Street
Senatobia, MS 38668
(662) 562-0013
MSB No. 99559

12