### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**WILLIE (BILL) TAYLOR,**                                           **PLAINTIFF,**

**VS.**                                    **CIVIL ACTION NO. 2:07CV90-P-A**

**CITY OF SENATOBIA, MISSISSIPPI,**                          **DEFENDANT.**

### FINAL JUDGMENT

This matter comes before the court upon Defendant's Motion to Dismiss [10]. After due consideration of the motion to dismiss and the plaintiff's one-month late response thereto, the court finds as follows, to-wit:

The defendant seeks to dismiss the plaintiff's action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.

Pursuant to Fed. R. Civ. P. 12(b)(6) a defendant may file a motion to dismiss a plaintiff's claims for failure to state a claim upon which relief can be granted. The Fifth Circuit employs the same standard in reviewing dismissals for lack of subject matter jurisdiction under Rule 12(b)(1) as they do in motions to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

The traditional test for ruling upon a Rule 12(b)(6) motion, as announced in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), is "in appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." However, the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*,

1

127 S.Ct. 1955, 1968-69 (2007) recently "retired" the "no set of facts" test. The revised Rule

12(b)(6) test is whether the plaintiff's factual allegations in his Complaint, taken as true, are enough

to raise a right to relief above the level of speculation.

More specifically, the Court in *Twombly* formulated the proper Rule 12(b)(6) standard in the

following way:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, [and] "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action", on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

127 S.Ct. 1964-65. (some citations omitted for clarity).

Having considered the parties' arguments, the court concludes that for the same reasons

discussed by the defendant in its motion to dismiss, the plaintiff's claims should be dismissed with

prejudice.

The primary vehicle through which a plaintiff can sue for monetary damages based on an

alleged violation of his federal constitutional rights is 42 U.S.C. § 1983. Pursuant to *Heck v.*

*Humphrey*, 512 U.S. 477, 486-487 (1994):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In February 2006 the plaintiff in this case was convicted of a misdemeanor in the Municipal Court of Senatobia, Mississippi. As a result, the Municipal Court ordered that he pay a fine, suspended his prison sentence, and banished him indefinitely from the City of Senatobia. The very essence of the plaintiff's case before this court is that the banishment and the proceeding in general violated his federal rights. However, the plaintiff has never appealed the conviction to any State court. Thus he has not met the *Heck* requirements that he have his sentence reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal writ of habeas corpus. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

The defendant is also correct that the plaintiff's claims are barred under the *Rooker/Feldman* doctrine. "[Under the] *Rooker/Feldman* abstention doctrine, ... a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, **based on the losing party's claim that the state judgment itself violates the loser's federal rights**." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (emphasis added). The instant suit is precisely the type contemplated by the Rooker/Feldman doctrine. As stated above, the plaintiff has never appealed his sentence to State court and yet tries to effectively appeal the sentence to a federal court. As emphasized above, it is of no import that the Complaint couches its claims in terms of alleged constitutional violations resulting from the state judgment itself.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Dismiss [10] is **GRANTED**; therefore,

(2) The plaintiff's § 1983 claims are **DISMISSED WITHOUT PREJUDICE** insofar as the plaintiff has not met the requirements for a § 1983 action pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); and

(3) The plaintiff's claims seeking injunctive relief from the subject conviction in the Municipal Court of Senatobia, Mississippi are **DISMISSED WITH PREJUDICE** pursuant to the *Rooker*/*Feldman* abstention doctrine annunciated in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994); and

(4) This case is **CLOSED**.

**SO ORDERED** this the 10th day of September, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE